UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| ANDREW D. FISHER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SUPERINTENDENT, )<br>)<br>Respondent. ) | Case No. 4:13-CV-066 JD |

OPINION AND ORDER

Andrew D. Fisher, a *pro se* prisoner, filed a habeas corpus petition attempting to challenge his conviction and 30 year sentence for attempted murder by the Jay Circuit Court under cause number 38C01-1209-FA-13. Before a district court can grant habeas corpus relief, a petitioner must have exhausted his claims in the state courts. "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). Here, Fisher took a direct appeal to the Court of Appeals of Indiana, but he did not petition for transfer to the Indiana Supreme Court. Consequently, he has not preserved any issues that he raised in his direct appeal. Fisher has not filed a post-conviction relief petition. Therefore he has not exhausted any issues for habeas corpus review and this petition must be dismissed.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, Fisher's 1-year period of limitation began when his judgment became final with the expiration of

the time for petitioning for transfer to the Indiana Supreme Court[1] on September 25, 2013. 28 U.S.C. § 2244(d)(1)(A). To date, less than one month of his one year has expired – eleven months remain. Once he files a post-conviction relief petition, the statute will be tolled. *See* 28 U.S.C. § 2244(d)(2). Therefore a stay is not appropriate because Fisher has ample time to exhaust whatever claims he has in post-conviction and then file a new habeas corpus petition before the one year deadline expires.

As a final matter, pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Fisher has not presented any exhausted claims. There is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. So too, there is no basis for finding that jurists of reason would believe the it is necessary to stay, rather than dismiss this case given that he has eleven months remaining on the statute of limitations. Therefore there is no basis for encouraging him to proceed further in federal court until he has exhausted his claims in State court. Thus, a certificate of appealability must be denied.

For the foregoing reasons the court **DISMISSES** this case **WITHOUT PREJUDICE** pursuant to Section 2254 Habeas Corpus Rule 4 because the claims are unexhausted and **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11.

---

[1] Fisher's conviction was affirmed by the Court of Appeals of Indiana on August 26, 2013. Indiana Rule of Appellate Procedure 57.C. allows 30 days for filing a petition to transfer. Therefore the last day to have filed such a petition was September 25, 2013.

SO ORDERED.

ENTERED: October 11, 2013

                                                /s/ JON E. DEGUILIO
                                          Judge
                                          United States District Court